## FIFIELD *v.* WHITTEMORE.

*(Circuit Court, D. Massachusetts.* February 6, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—USE OF COMBINATION—DAMAGES.

The entire commercial value of machines made and sold by defendant was due to the use of a combination described in the fourth and fifth claims of the Dodge patent, which consisted in a new combination of old elements, and not in a mere improvement upon certain prior machines. *Held,* in an action for infringement, that it was proper not to deduct from damages awarded the value of such prior machines.

In Equity. On exceptions to master's report.

Action by Charles S. Fifield against David Whittemore, to recover damages for the infringement of a patent.

*James E. Maynadier,* for complainant.

*George L. Roberts* and *T. W. Porter,* for defendant.

COLT, J. By order of court this cause was recommitted to the master to determine whether the defendant's machine contains the invention of Hodges or of Addy, or any contrivance, whether patented or unpatented, on account of which the master's finding of profits, heretofore made, should be modified, and to what extent such findings should be modified. The master finds (1) that each and every part and piece of the Dodge machine was old, and that many of these parts and pieces are found in the Smith, Hodges, and Addy, and other machines older than they; (2) that Dodge made a wholly new combination as described in the fourth and fifth claims of his patent, each element of which was old; (3) that this combination is found both in complainant's and defendant's machines; (4) that the entire commercial value of the machines made and sold by both complainant and defendant is due to the combination described in the fourth and fifth claims of the Dodge patent. To this report the defendant has filed numerous exceptions. In these exceptions the defendant insists that the master should have found that the prior Hodges machine and Addy machine were each capable of performing all the operations of complainant's machine; that Smith's power transmitter and Smith's patent embodies every essential feature of the machine described in complainant's patent, except the ball and socket joint at the ends of the pendent rod; that no evidence has been offered to determine the value of the specific difference in construction between these machines and the Dodge machine; that the complainant's patent was for an improvement, and not for an entirely new machine; that, in producing his machine, Dodge borrowed from the Smith, Hodges, and Addy machines, all except the ball and socket joint connection at the end of rod *r.*

The main question raised by these exceptions is whether the master has committed any error in making no deduction in the damages found for the value of these prior machines, and in finding that the entire commercial value of the Dodge machine is due his patent. I have read

with care the briefs of counsel for defendant, and have considered the reasons urged for changing the findings of the master, but I cannot see my way clear to hold them erroneous. It seems to me that Dodge did more than merely add another motion to the machine of Hodges or Addy by the addition of a ball and socket joint. A comparison of these different machines shows that what Dodge accomplished was more in the nature of a new combination of old elements than a mere improvement upon the Hodges or Addy machine. I think the master was correct in holding that the entire commercial value of the Dodge machine was due to the combination covered by the patent, and, therefore, the rule ·of damages he adopted was lawful and proper. The Dodge machine here referred to is not that which is specifically described in the patent, but is the improved machine which Judge Lowell held, in his opinion, was covered by the fourth and fifth claims of the patent. The correctness of Judge Lowell's opinion cannot be questioned here. He having held the modified machine made by Dodge to be within the patent, the patentee is entitled to all the benefits which follow from this construction. I do not think there is anything in the closing paragraph of Judge Lowell's decision which conflicts with the findings of the master. Upon the whole, I am of opinion that the exceptions should be overruled.