### LANYON ZINC CO. et al. v. BROWN et al.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1904.)

No. 2,014.

1. PATENTS—INFRINGEMENT—ORE ROASTING FURNACE.

The Brown patent, No. 471,264, for an ore roasting furnace, claim 1, which covers a furnace in which the mechanism for operating the rabbles for stirring and advancing the ore is placed in a supplemental chamber for the purpose of protecting it from the action of the heat, dust, and fumes, is limited by the words "supplemental chamber," and is not infringed by the construction shown in the Cappeau patent, No. 691,112, in which the furnace is supported by posts, and the rabble operating mechanism is placed in the uninclosed space beneath.

Appeal from the Circuit Court of the United States for the District of Kansas.

John H. Atwood and John R. Bennett (C. E. Benton, on the brief), for appellants.

Douglas Dyrenforth, for appellees.

Before SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an appeal from an order award-ing an injunction which restrained the appellants from using ore roast-ing furnaces made in accordance with the specification of letters patent No. 691,112, issued to Joseph P. Cappeau on January 14, 1902. This order of injunction appears to have been made on a motion which was filed in a proceeding that had been begun against the Lanyon Zinc Com-pany and others to punish them for an alleged violation of an order of injunction previously obtained; which enjoined them from infringing claim 1 of letters patent No. 471,264, issued to Horace F. Brown, one of the appellees. In view of the manner in which the injunction was obtained, certain questions of procedure are discussed in the briefs. On the oral argument, however, it was agreed by counsel that all questions of procedure should be waived, and that the point to be determined on appeal was whether an ore roasting furnace made in conformity with the specification of the Cappeau patent, such as the appellant is now using, infringes the first claim of the Brown patent, which is owned by the appellees.

The Brown patent has been before this court for construction on several occasions. Thus in Metallic Extraction Co. v. Brown, 43 C. C. A. 568, 104 Fed. 345, the patent was upheld, and it was decided that an ore roasting furnace made in accordance with the specification of letters patent No. 532,013, issued to Alfred Ropp on January 1, 1895, infringed the first claim of the Brown patent; the same ruling was made in Lan-yon Zinc Co. v. Brown et al., 53 C. C. A. 354, 115 Fed. 150; and the rul-ing was repeated in Lanyon Zinc Co. v. Brown, 56 C. C. A. 448, 119 Fed. 918. The first claim of the Brown patent, that has been upheld in the cases last cited, is as follows:

"In an ore roasting furnace having means for stirring and advancing the ore, a supplemental chamber at the side of the main roasting chamber, and cut off from said main chamber by a wall or partition, and carriers in said supplemental chambers connected with the stirrers, but removed from the direct action of the heat, fumes, and dust, substantially as herein described."

Figures 1 and 2, which appear on the adjoining page, disclose the method of constructing the Cappeau furnace. Referring to these fig-ures—particularly figure 1—it will be seen that the body of the fur-nace is supported by pillars or iron posts set firmly in the ground; the space underneath the hearth being left open and uninclosed to permit the free circulation of air from all sides. The floor of the hearth has a longitudinal slot through which a perpendicular arm or rod extends, which rod or arm, at its lower end, is attached to a carrier that moves on a track underneath the hearth. To the upper end of this rod a crossbar is attached, from which the rabble arms depend that serve to stir the ore within the furnace as the carrier moves along the track. At the ends of the furnace are swinging gates, which are opened by the stirrer mechanism, and are closed by their own weight as soon as the stirrers have passed.

The appellants contend that the Brown patent describes and claims a "supplemental chamber cut off from the main chamber," that a supple-mental chamber is one of the essential features of the invention covered by that patent, and that it is not found in the Cappeau furnace which they are using. We entertain no doubt that, as claimed by the appel-

129 F.—58

lánts, a supplemental chamber for the housing of the rabble operating mechanism constitutes an essential feature of the Brown furnace. It was that novel method of constructing a furnace which entitled him to a patent. The language of the Brown specification, and particularly the language of the first claim, leaves no room for doubt on that point. Brown described the disastrous effect of the heat and fumes within the

furnace upon the mechanism which had previously been employed to stir the ore within the oven and gradually move it to the end where it was to be discharged. He also described a means whereby the difficulty theretofore encountered could be overcome and had been overcome; the means described being the construction of a supplemental chamber cut off from the main roasting chamber wherein the rabble operating mechanism could be placed, thereby removing it from the direct action of heat; and the means thus described he specifically claimed in his first claim, thereby making the supplemental chamber the principal feature of his furnace. In the case of Metallic Extraction Co. v. Brown, supra, this court concluded, after a careful scrutiny of his specification, that Brown did not intend to make the location of the supplemental chamber a material element of his claim, although he had described it as located at the side of the main roasting chamber. We accordingly held in that case that the use of the Ropp furnace, which had a well-defined supplemental chamber underneath the hearth for housing the rabble operating

mechanism and protecting it from the heat, was an infringement of claim one of the Brown patent.

The question to be determined on the present appeal, therefore, is whether the open and uninclosed space underneath the Cappeau furnace can be held to be a supplemental chamber, within the fair intent and meaning of those words as employed in the Brown patent. We are of opinion that this question must be answered in the negative. The space in question satisfies none of the definitions usually given of a chamber. It is not a "room" or "an apartment" or "a cavity" or a "closed space" of any sort. It is entirely uninclosed. In ordinary speech, no one would think of describing the open space underneath the Cappeau furnace, where the track is laid on which runs the carriage that operates the rabble arms, as a supplemental chamber, although the words in question were aptly applied by Brown to describe the inclosed space in his furnace where the rabble operating mechanism is located.

It is an elementary rule that a patentee may claim the whole or a part of what he has invented. He is entitled to limit his claims to any extent that may seem desirable, but, having done so, his right to protection is also limited, since the claim actually made by the patentee is the measure of his right to relief. McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 278, 24 L. Ed. 344; White v. Dunbar, 119 U. S. 47, 51, 7 Sup. Ct. 72, 30 L. Ed. 303. It may be that Brown, being the first to place the rabble operating mechanism of a furnace outside of the oven, might have formulated his claims in such a manner as would have covered the method of construction described in the Cappeau patent, but he has not done so. He saw fit to place his rabble operating mechanism not in an open and uninclosed space adjacent to the oven, but in a supplemental chamber, and claimed the chamber as an element of his combination. Having done so, he is not entitled to relief against one who does not employ a chamber in which to locate his mechanism for operating the rabble arms. The first claim of the Brown patent is entitled to a fair and reasonable interpretation, but we cannot indulge in a liberality of construction which ignores the ordinary meaning of words and phrases, as we must do if we hold that an open and uninclosed space is a chamber.

The decree of the lower court awarding an injunction restraining the appellants from using the Cappeau furnace, and holding the use of that furnace to be in violation of the existing injunction, is reversed, and the cause is remanded with directions to dissolve the injunction which was granted.