MOFFATT v. BLAKE.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1906.)

No. 2,180.

1. APPEAL—FINDINGS OF MASTER CONCURRED IN BY COURT.

The findings of a master, concurred in by the court, are to be taken as presumptively correct, and will be permitted to stand unless some obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4015–4018.]

2. BILLS AND NOTES—EXTENSION OF OVERDUE NOTE—INTEREST.

Where an overdue note is by agreement of the parties indorsed "Extended on or before Oct. 1st, 1902, at 6% interest from Mch. 27, '02," the date of the indorsement, the legal effect thereof is to make 6 per cent. the rate of interest from that time until the time of payment, and not merely until October 1, 1902.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the Western District of Missouri.

Paul D. Kitt, for appellant.

Tom H. Reynolds, for appellee.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge. This is a controversy over the amount due under a mortgage upon property belonging to the estate of a bankrupt. Its proper determination depends upon two questions: (1) Was the note of a third person which was turned over to the mortgage creditor by the mortgagor accepted by the former as a payment and extinguishment pro tanto of the mortgage debt? (2) Was the reduction which was made in the rate of interest on the mortgage debt restricted to the period ending October 1, 1902? The report of the master and the decree of the District Court resolved both questions adversely to the mortgage creditor.

The master recognized the rule of law that the acceptance by a creditor of the note of his debtor or of a third person does not constitute payment unless it is so specially agreed at the time, but found from the evidence that it was so specially agreed in this instance, and his report was approved by the District Court. In this respect the case falls within the settled rule that the findings of a master, concurred in by the court, are to be taken as presumptively correct, and

will be permitted to stand unless some obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence. Furrer v. Ferris, 145 U. S. 132, 12 Sup. Ct. 821, 36 L. Ed. 649; Fisher v. Shropshire, 147 U. S. 133, 146, 13 Sup. Ct. 201, 37 L. Ed. 109; Warren v. Burt, 7 C. C. A. 105, 110, 58 Fed. 101; Cheney v. Bilby, 20 C. C. A. 291, 299, 74 Fed. 52. The record has been carefully examined, and we deem it sufficient to say that there does not appear to have been any error in the application of the law or any serious or important mistake in the consideration of the evidence.

The facts relating to the question of interest are these: The note called for interest at 8 per cent. per annum after maturity. On March 27, 1902, which was after maturity, the interest to that time was paid, and also $6,000 on the principal, and the parties entered into the arrangement evidenced by the following indorsement on the note: "Extended on or before October 1st, 1902 at 6% interest from Mch. 27, '02." The appellant's position is that the reduced rate of interest was operative only between March 27, 1902, and October 1, 1902, and that after the latter date the interest was to be computed at the original rate. We think otherwise, and concur in the District Judge's statement of the legal effect of the indorsement, viz.:

"In effect, it took the place of a renewal note, due October 1, 1902, at 6 per cent. interest. The extension was not at 6 per cent. interest until October 1, 1902, but it was 6 per cent. interest from March 27, 1902, and impliedly until paid, the presumption being, as in all such promissory contracts, that the debt would be paid at maturity, and if not paid the interest specified as a part of the extension agreement would continue until payment was made."

The case of North v. Walker's Adm'r, 66 Mo. 453, relied upon by appellant, is distinguishable from this in that by the terms of the extension agreement there under consideration the reduced rate of interest was to be operative only during the period of the extension.

The decree is affirmed.