ORR & LOCKETT HARDWARE CO. v. MURRAY.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1908. Rehearing Denied May 6, 1908.)

Nos. 1,382, 1,383.

PATENTS—INFRINGEMENT—PROFITS RECOVERABLE—STORE LADDERS.

The Murray patent, No. 442,531, for a store service ladder, is for an entire new article, and the patentee is entitled to recover from an infringer the entire net profits made by the latter on the infringing ladders in the absence of proof that some portion of such profits was the result of something else than the patented device.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 580.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

These cases relate to letters patent No. 442,531, issued to Edward M. Murray, December 9th, 1890, for improvement in store service ladder; and involve the question what rule of profits and damages shall govern the accounting between the parties.

In the original case between these parties, the court sustained the validity of the Murray patent; found that the Orr & Lockett Hardware Company was infringing the same; and directed the entry of a decree for an injunction and an accounting. Murray v. Orr & Lockett Hardware Company, 138 Fed. 564, 71 C. C. A. 68.

The specific ladders found to be infringing devices in the original case were those known as the Columbia and Nox-em-All. In a subsequent appeal, decided by this court at the January session, 1907 (153 Fed. 369, 82 C. C. A. 445), the ladders known as the Bon-Ton and Victor ladders, manufactured and sold by the Orr & Lockett Hardware Company, were also held to be infringing devices.

On the hearing of the cases now under consideration (No. 1,382 relating to the Bon-Ton and Victor ladders, and No. 1,383 relating to the Columbia and Nox-em-All ladders), the appellant furnished to the court a statement of the net profits made by him in the manufacture and sale of all the ladders, upon the basis of which the court found in favor of appellee, and against appellant, in the sum of $1,346.19 on account of the sale of the Victor and Bon-Ton

ladders, and $241.07 on account of the sale of the Columbia and Nox-em-All ladders. Aside from the figures thus furnished by appellant, no testimony was offered by either side relating to profits.

The further facts are stated in the opinion.

John G. Elliott, for appellant.
Josiah McRoberts, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). Two rules governing the question of profits, as between patentee and infringer, are laid down by the Supreme Court. The first of these rules (Elizabeth v. Nicholson Pavement Company, 97 U. S. 126, 24 L. Ed. 1000) is as follows: Where profits are made by an infringer, by the use of an article patented as an entirety, the infringer is responsible to the patentee for the whole of such profits, unless he can show —and the burden is on the infringer to show it—that a portion of such profits is the result of some other thing used by him.

And the second rule (Garretson v. Clark et al., 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371) is as follows: That where the patent is for an improvement, and not for an entirely new article or product the burden is on the patentee to show what portion of the infringer's profits is due to the particular patented feature.

Inasmuch as appellant offered no proof, other than the patent itself, tending to show that the profits made by it upon the ladders sold by it were the result of anything else than the use of the ladder patented as an entirety, and inasmuch as no proof was offered by appellee, other than the patent itself, tending to separate or apportion the profits made by the appellant, by the use of the patent in question, from such profits as might have been due to other features, neither party has attempted to take these cases out of the rule contended for by his adversary—leaving it as the determinative question in these cases whether (the patent only being before us) the rule laid down in the Nicholson Case, or the rule laid down in the Garretson Case, is applicable to the cases before us, as the patent has already been upheld and construed by this court.

In the Nicholson Case the patent was upon a process or mode of constructing wooden block pavements, the pavement, as Mr. Justice Bradley says, being a complete combination in itself, differing from every other pavement, the parts so correlated to each other from bottom to top, that it required them all put together, as Nicholson put them together, to make the complete whole, and to produce the desired result. And on account of this the Nicholson pavement, though made up of old elements, was held to be a new complete thing, entitled to the application of the rule that where a patented article was copied as an entirety, the infringer was responsible for all the profits obtained.

The Garretson invention was for improvement in a mop head, but it did not embody a mop head as a new complete article, but only improved the old mop head by an improved method of moving and securing in place the movable jaw—an old article, in a certain specific but limited respect, improved. And it was because that this specific

limited improvement was not shown to be the source of all the profits made by the infringer upon the sale of the mop head as an entirety, that the infringer was not held responsible for the entire profits.

The Murray invention involved in this suit, as interpreted by this court, is a store service ladder practically running on only one track at or near its foot, with the upper bearing loose, intended solely to keep the ladder from tipping over; all organized to utilize the operator's weight in the adjustment of the center of gravity, whereby the ladder is propelled laterally without friction. True, into this combination there entered, as elements, the traveler at or near the foot adapted to support and carry the ladder, the horizontal guide adapted to form a rest for the upper end of the ladder, and the hooked bearings near the upper end. And true, also, it is, that some of these elements were old in the art of ladder building—some of them appearing in other patents. But the new thought in the art of ladder building, embodied in the Murray patent, was the utilizing of the man's weight to adjust the center of gravity. It was a unitary thought, to carry out which the elements already named were only agents; and a unitary thought, though thus carried, makes the ladder thus built a new article within the meaning of the Nicholson Case. The Murray patent being for a complete new thing—an entire new article—and there being no proof in the case other than the patent, the patentee, as against the infringer, is entitled to the rule laid down in the Nicholson Case.

The decree of the Circuit Court will be:

Affirmed.