### DOWAGIAC MFG. CO. v. SUPERIOR DRILL CO.

(Circuit Court of Appeals, Sixth Circuit. June 18, 1908.)

### No. 1,773.

PATENTS—PROFITS RECOVERABLE FOR INFRINGEMENT—CONFUSION OF PROFITS BY INFRINGER.

Where no other patented structure is shown to have contributed to the profits of an infringer of a patent, and the infringement was deliberate and intentional, the defendant cannot avoid liability for the entire profits made on the structure by so confusing those made on the patented and unpatented parts that the proportions due to each cannot be separated or ascertained.

Appeal from the Circuit Court of the United States for the Western District of Michigan.

F. L. Chappell, for appellant.

Border Bowman and P. A. Staley, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is an appeal from a decree founded upon an accounting of profits made by the appellant in the manufacture and sale of disc grain drills, containing the invention of the Packham patent, No. 557,868, and in infringement of the rights secured by said patent. The case came here on a former occasion upon an appeal from a decree sustaining the validity of the patent referred to in respect to the first, second, third, and sixth claims thereof, declaring the infringement thereof by the appellant, and awarding an injunction against further infringement. The decree of the Circuit Court was here affirmed, and the cause remanded for the ascertainment of the profits and damages due to the plaintiff accruing from the infringement. 115 Fed. 886, 53 C. C. A. 36. In affirming the decree, we expressed the opinion that:

"The invention constituted a distinct and valuable improvement, and was patentable for what the claims here involved fairly import."

The invention of the patent consisted of the addition of a shield to the structure of disc grain drills, which keeps the furrow made by the disc open while the seed is dropping into it, and deflects the seed under the disc while the latter holds the soil up, and upon passing lets the soil back upon the seed. The Circuit Court referred the cause to the master to take proofs and report the profits and damages.

It seems to have been contended before the master by the appellant, while engaged in the endeavor to ascertain the profits, that in manufacturing and selling the infringing drills it had employed other patents, which had enhanced the value of the drills and the price at which they were sold, and reference was made to certain patents belonging to the plaintiff. These patents had been set out in the bill, and infringement thereof charged. But they had been declared void by the Circuit Court, by a decree which remains unreversed and not appealed from. They should, therefore, have been regarded as part of the unpatented art. There was no proof which could have justified the master in the conclusion that any other invention than that of the Packham patent was present in the drills which constituted the infringement. Nor did the master find that there was any other patent involved in the infringing drills which was entitled to share in the profits than those belonging to the plaintiff which had been held void. He specified those as laying the foundation for applying the doctrine of Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371, and other like cases. The fact is that the conditions assumed for the statement of the rule in the case referred to did not exist. The present case in its facts is in closer analogy to the cases of Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000, Goulds Mfg. Co. v. Cowing, 105 U. S. 253, 26 L. Ed. 987, and Crosby Valve Co. v. Safe-

ty Valve Co., 141 U. S. 441, 12 Sup. Ct. 49, 35 L. Ed. 809, and Canda v. Michigan Malleable Iron Co., 152 Fed. 178, 182, 81 C. C. A. 420, a case decided by this court, than to those of Seymour v. McCormick, 16 How. 480, 14 L. Ed. 1024, and McCreary v. Canal Co., 141 U. S. 459, 12 Sup. Ct. 40, 35 L. Ed. 817, relied upon by the appellant, in that no other patented structure is shown to have contributed to the profits.

Again, if the master had been right in supposing that other patents contributed to the profits, and that the plaintiff had not proven to what extent the profits were due to the owners of the patent in suit, and how much was due the others, the fact remained that the defendant had, in committing the infringement, confused the profits in which all were entitled to share in such a manner that neither itself nor any one else could determine the proportions due to each. Notwithstanding all the data kept by the defendant in regard to the infringing business, the master was unable to make any apportionment. Nor could any of the expert accountants who testified do more than form a conjecture. The infringement was not accidental. The defendant was all the while informed of the patent, and knew that, if it did not succeed in defeating the patent, it would be obliged to account for the profits and damages. It took the risk of confusion, and the loss must fall upon the wrongdoer, rather than the innocent party. It is as clear a case as could be instanced for the application of the rule stated and applied by this court in previous cases and by other courts in a great variety of instances where the facts indicated the fitness of its application. In another case decided at this session (Brennan & Co. et al. v. Dowagiac Mfg. Co., 162 Fed. 472) we referred to several cases upon this subject, and others are cited in our opinion in Smith v. Motley, 150 Fed. 266, 80 C. C. A. 154.

The Circuit Court was therefore justified on either of these grounds in decreeing for the plaintiff in the net sum of the profits made in the manufacture and sale of the infringing machines.

The decree will be affirmed, with costs.