## GARRETSON *v.* CLARK & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

Argued January 15th, 1884.—Decided March 24th, 1884.

*Patent.*

When a patent is for an improvement of an existing machine or contrivance, the patentee in a suit for damages for infringement must either show by reliable, tangible proof that the value of the machine or contrivance as a whole is due to the use of his patented invention, or he must separate and apportion, by proof of the same character, the part of the defendant's profits which are derivable from the use of it, in order to establish a claim for more than nominal damages.

This was a suit in equity for infringement of a patent for an improved mop-head. The sole question raised was whether the evidence of damages warranted a judgment for more than nominal damages.

*Mr. James A. Allen* for appellant.

*Mr. William F. Coggswell* for appellee.

Mr. Justice Field delivered the opinion of the court.

In this case the court below sustained the plaintiff's patents, adjudged that the defendants were infringers, and directed a reference to a master, to ascertain and report the profits and gains made by the defendants. The master reported that no proof was presented to him that they had made any profit, or

that the plaintiffs had suffered any damages. The court sustained the report, and the decree allowed the plaintiffs only nominal damages. From this decree the appeal is taken. *Garretson* v. *Clark*, 15 Blatchford, 70.

The patent was for an improvement in the construction of mop-heads, which may be described with sufficient accuracy as an improvement in the method of moving and securing in place the movable jaw or clamp of a mop-head. With the exception of this mode of clamping, mop-heads like the plaintiff's had been in use time out of mind. Before the master, the plaintiff proved the cost of his mop-heads, and the price at which they were sold, and claimed the right to recover the difference as his damages. This rule was rejected; and, no other evidence of damages being offered, the master reported as stated.

When a patent is for an improvement, and not for an entirely new machine or contrivance, the patentee must show in what particulars his improvement has added to the usefulness of the machine or contrivance. He must separate its results distinctly from those of the other parts, so that the benefits derived from it may be distinctly seen and appreciated. The rule on this head is aptly stated by Mr. Justice Blatchford in the court below : " The patentee," he says, " must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative ; or he must show, by equally reliable and satisfactory evidence, that the profits and damages are to be calculated on the whole machine, for the reason that the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature."

The plaintiff complied with neither part of this rule. He produced no evidence to apportion the profits or damages between the improvement constituting the patented feature and the other features of the mop. His evidence went only to show the cost of the whole mop, and the price at which it was sold.

And of course it could not be pretended that the entire value

of the mop-head was attributable to the feature patented. So the whole case ended, the rule was not followed, and the decree is therefore

*Affirmed.*