### ATLANTIC MILLING Co. *v.* ROWLAND and others.

*(Circuit Court, S. D. New York. February, 1886.)*

TRADE-MARK—INFRINGEMENT—DAMAGES—PROFITS.
   Where a party has made profits by the sale of goods in violation of the rights of another in a trade-mark, the owner of the trade-mark is entitled to them, whether the same profits would have been made by him or not, and not to any more if they would, for the same profit could not be made by both.

In Equity.
*Antonio Knauth,* for orator.
*Fred'k P. Foster,* for defendants.

WHEELER, J. The final decree establishes the right of the orator to the use of the word "Champion" as a trade-mark for flour; that the defendants have infringed upon that right; and that the orator is entitled to recover of them the profits to the defendants, and damages to the orator, due to the infringement. The master has reported that the defendants have used the trade-mark in the sale of 900 barrels of flour, and have made a profit of 25 cents per barrel through that infringement, amounting to $225; and that the orator has suffered damages to that amount thereby. The defendants except to this finding only. The principal question is whether it is warranted by the evidence. The evidence tended to show that flour of the orator's having that mark was in the same market, that it would bring 25 cents more per barrel on account of that mark, and that the defendants used the mark in making the sales. The defendants' evidence tended to show that the flour would not bring any more on account of the

mark, and that they lost, on all the lots making up the 900 barrels, except one, $43, and on that one made only $7.50. All questions as to the weight of conflicting evidence were for the master. The defendants might get 25 cents per barrel more on account of the trademark, and still lose on the whole transaction. The profits due to the trade-mark only, and not the profits of the whole business, were the subject of inquiry. *Garretson* v. *Clark,* 15 Blatchf. 70; S. C. 111 U. S. 120, and 4 Sup. Ct. Rep. 291. The general loss would be less on account of what the trade-mark brought more.

It is argued that the evidence does not show that the orator would have made this profit if the defendants had not. This might be true, and not affect the rights of the parties. If the defendants made profits by their invasion of the orator's rights, the orator is entitled to them whether the same profits would have been made by the orator or not, and not to any more if they would, for the same profits could not be made by both. But the master seems to have inferred that they would, and therefore to have found that the orator was damaged by the loss of profits to the same extent that the defendants saved by them. The fact that the flour of the orators bearing this mark was in the same market would seem to be sufficient to warrant this finding. *Faber* v. *Hobey,* 1 Wkly. Dig. 529; S. C. 73 N. Y. 592.

Exceptions overruled, report accepted and confirmed, and decree to be entered accordingly.