### BAKER v. CRANE CO.

### CRANE CO. v. BAKER.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1905.)

PATENTS—ACCOUNTING FOR INFRINGEMENT—PATENTED IMPROVEMENTS.

On an accounting for damages or profits for infringement of a claim of a patent covering an improvement on an existing device, it is incumbent on complaint to show how much of the profit made by defendant on the entire article was due to the patented improvement, or, in case of damages, how much of complainant's loss was due to such improvement.

[Ed. Note.—Accounting by infringer of patent for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

Appeal and Cross-Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Baker secured against Crane Company a decree for an injunction and an accounting, which was affirmed on appeal. Crane Co. v. Baker, 125 Fed. 1, 60 C. C. A. 138. Both parties are now appealing from the decree on accounting.

Clifford E. Dunn, for Clara E. Baker.
Paul Synnestredt and F. H. W. Clay, for Crane Co.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge. The decree awards complainant $1,177.-05, as being the profits defendant derived from the infringement. The utmost that can be claimed for the evidence and finding respecting defendant's profits is this: Defendant made 4,130 appliances, which embodied claim 1 of the patent, at a cost of 86½ cents each, and sold them at an average price of $1.15 each.

But the patent was for an improvement upon an existing device for the same purpose, which was made and sold by defendant. What profit was made on the old device? Was the old device utterly useless and unsalable at any profit after the invention was disclosed? How much of the 28½ cents, the difference between the cost and selling price of defendant's new appliance, was due to the improvement covered by claim 1? The record fails to show. This was necessary. Seymour v. McCormick, 16 How. 480, 14 L. Ed.

1024; Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371; Keystone Co. v. Adams, 151 U. S. 139, 14 Sup. Ct. 295, 38 L. Ed. 103.

Complainant asserts that the court, in addition to or in lieu of defendant's profits, should have allowed damages to the extent of the gains complainant would have made on defendant's sales. The evidence and the finding show that complainant made the device embodying the patented improvements at a cost of $1.03, and sold it for $2.25. Complainant's profits on 4,130 appliances would be $5,038.60.

But even assuming, contrary to the master's finding, that complainant, but for the infringement of claim 1, would have made defendant's sales at the very much higher price, there is no basis on which to sustain complainant's contention. The damages for which defendant might be liable are damages for infringement of claim 1. What were the cost and the selling price of the appliance made and sold by complainant, before including the improvements shown in the patent? What additional profit did complainant make by reason of the improvements? How much of the additional profit was due to the improvement covered by claim 1, and how much to claim 2, which was not infringed? In short, what was the commercial value of claim 1 to complainant? Or to any one? There is no evidence.

Complainant insists that the court erred in limiting the accounting period. The record contains no warrant for more than nominal damages at any time. We cannot reopen the taking of evidence simply because the complainant has failed to make a case.

The decree is reversed, at complainant's costs, with the direction to enter a decree for $1.