### FOX et al. v. KNICKERBOCKER ENGRAVING CO.

(Circuit Court, S. D. New York. December 27, 1905.)

1. PATENTS—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.
   In a suit for infringement by an exclusive licensee, the failure of the bill to allege that the license includes the exclusive right to make the patented article may be cured by amendment, where the evidence shows a license to make, as well as to use and vend.

2. CORPORATIONS—ALLEGATION OF INCORPORATION.
   An allegation in a bill for infringement that complainant is a corporation duly organized under the laws of a state is sufficient, and need not be proved, unless denied by the answer.
   [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2052, 2053, 2067.]

3. PATENTS—INFRINGEMENT—DAMAGES RECOVERABLE—PROFITS AND DAMAGES.
   Both profits and damages are recoverable in a suit for infringement in a proper case.
   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 567, 580.
   Accounting by infringer for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

In Equity. Suit for infringement of United States letters patent No. 675,272, dated May 28, 1901, granted to Thomas S. Fox, for half-tone negative. Usual interlocutory decree for injunction and accounting entered December 15, 1905. Defendant filed a petition for rehearing upon the entry of said interlocutory decree.

Philip C. Peck, for complainants.
Albert H. Walker, for defendant.

#### On Petition for Rehearing.

HAZEL, District Judge. The exhibits in evidence, taken together, show that the assignments from the North American Engraving Company to the Waterproof Film & Equipment Company were to vend, and also the right to make and use, the improvements described and claimed in the patent in suit. The complainant alleges an exclusive license to use and vend, and does not allege that the exclusive license also includes the right to make. This variance, however, between the bill and the proofs may be remedied by an amendment to the bill. I think the licenses in evidence convey an exclu-

sive privilege to the complainant, and therefore the first and second objections to the decree are overruled. The answer does not deny the allegation of the bill that the complainant corporation is duly incorporated in accordance with the laws of the state of New York, and it is objected that the record does not establish the existence of the complainant corporation. This objection must also be over-ruled for I conceive the allegation of the bill to be sufficient in the absence of a denial of such corporate existence and evidence in relation thereto. It is further objected that the decree erroneously provides for the recovery of both profits and damages for the infringement of the patent in controversy. This objection is not maintainable. In Westinghouse v. New York Air Brake Co. (decided June 10, 1905, by the Circuit Court of Appeals) 140 Fed. 545, the report appears to have been recommitted to the master by Judge Wheeler for the purpose of making a computation of the profits and damages based upon the sales of the defendant. The master rendered an accounting for profits and damages. The Circuit Court of Appeals, speaking of the general rule governing recoveries in infringement cases, quoted from Judge Blatchford's decision in Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371, as follows:

"The patentee must, in every case, give evidence tending to separate or apportion the defendant's profits, and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative, or he must show, by equally reliable and satisfactory evidence, that the profits and damages are to be calculated on the whole machine, for the reason that the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature."

Hence, as I understand the opinion of Judge Wallace, speaking for the court in the Westinghouse Case, both profits and damages in a proper case are recoverable, though, as stated in Wales v. Waterbury Mfg. Co., 101 Fed. 126, 41 C. C. A. 250, the rule of apportionment of said damages and profits is often difficult of accurate application. The responsibility of making the application, however, is on the master upon the accounting.

The motion for rehearing is denied.