EASTERN PAPER BAG CO. v. CONTINENTAL PAPER BAG CO.

(Circuit Court, D. Maine. December 28, 1905.)

No. 541.

1. SAME—PROFITS—SAVINGS BY USE OF INFRINGING DEVICE.

Where a patent for certain improvements in machines for making paper bags was found to be infringed by machines made and used, but not sold, by defendant, and it appears that the product of such machines has no superiority which gives it an enhanced price over that of noninfringing machines, the only profits recoverable are the savings in the cost of construction and maintenance of the machines, or in the cost of the product due to the use of the infringing devices.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 566–576.

Accounting for profits by infringer of patent, see note to Brickell v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

2. SAME—RULES GOVERNING ACCOUNTING.

The rules applicable on an accounting for damages and profits for infringement of a patent discussed with reference to the particular facts shown by the record.

In Equity. Memorandum and order for direction of the master on an accounting for infringement of a patent.

PUTNAM, Circuit Judge. The parties have been fully and carefully heard, both on briefs and orally, on questions whether the interlocutory decree in this case should contain any special directions to the master in regard to proceedings on the accounting, and, if yes, what directions. That such directions may be given is clearly allowable on principle; and this has been fully recognized in the best equity practice, although, so far as this court is advised, none such have been given in this circuit in ordinary suits for infringement of letters patent for inventions, at least, for a very considerable number of years. However, this case presents some peculiar phases which render it especially desirable that, in some respects at least, an attempt should be made to avoid the loss of the evidently very great labor and expense of taking an accounting, in some views which any master would quite likely consider applicable in the event his adoption thereof should be found not sustainable.

Of course, we are all aware that a master's report runs the gauntlet of two chances against it, one in this court and one in the Circuit Court of Appeals. If one of these two chances can be avoided, it may be that, in this particular case, very much will have been gained. At least, the court is induced to attempt to accomplish something by a few expressions of a somewhat general character. The parties are so far from each other that it is, however, aware that an attempt to anticipate minutely the various possible contingencies of the accounting might lose more than would be gained. Therefore we will not go beyond a few simple propositions, which are, for the most part, thoroughly supported by the decisions of the Supreme Court. The parties will understand that all our present expressions are subject to exceptions, modifications, and limitations according to the changed conditions of facts to which, perhaps, they must be applied by the master. All the expressions herein are, of course, with reference to the record on which the case was heard by us, which record, under the equity rules of the Supreme Court, will go to the master. Each and all of them, therefore, as we have said, may need to be modified or limited, or even not applied at all, according to further new proofs and proceedings which will be offered, or which may occur, in the course of the accounting.

We are advised that there will be an appeal by the respondent from the interlocutory decree. If the statute also clearly provided for a cross-appeal by the complainant, of such a nature that any directions to the master as to the accounting which it deemed prejudicial, could be brought simultaneously before the Court of Appeals for revision, we should proceed with confidence, and give this memorandum the form of proper directions to the master, to be included in the decree appointing him. In view, however, of the fact that it is doubtful whether such an appeal would lie in behalf of the complainant, or even in behalf of the respondent, as to any portions of such directions which either might regard as prejudicial, according to the effect which may be given to our opinion in Marden v. Campbell Co., 67 Fed. 809, 812, 15 C. C. A. 26 et seq., and in view, therefore, of the doubts pro and con whether the exceptions to the master's report would not be jeopardized, either as to the manner or time of taking them, in the event we gave him positive directions, this must be regarded as merely an expression of our views on

the record as it stands before us, and especially as not conclusive on the master.

This is not to be accepted, either by implication from anything said herein or from anything omitted herefrom, as intending more than is expressed, or as excluding the general regulations of equity governing proceedings before masters, so that everything not herein stated in terms is reserved.    Moreover, several matters which have been brought to our attention by the parties are governed by the equity rules of the Supreme Court, and need not be noticed.

On the record before us there is no evidence that the respondent infringed by sales, or that the Eastern Paper Bag Company ever had any market for machines or paper bags, or that there was ever any license fee established in relation to the patented improvements, which the respondent infringed.    Looking at the fact that the Eastern Paper Bag Company is the sole complainant in equity, where the party in interest must be the party of record, and also at the fact that the bill contains no allegations showing that the Union Paper Bag Company has any interest in the patent in suit, the bill contains no allegations which will permit the court to take cognizance of any damages which may have been suffered by the last-named corporation.    Therefore, on the record before the court, so far as damages are concerned, the case comes within the rule stated in Coupe v. Royer, 155 U. S. 565, 583, in the paragraph near the bottom of page 583, 15 Sup. Ct. 199, 201, 39 L. Ed. 263, commencing: "Upon this state of facts."

As to both damages and profits, the rule as to the burden of proof and apportionment seems to be the same as cited from Garretson v. Clark, 4 Sup. Ct. 291, 28 L. Ed. 371, in Keystone Company v. Adams, 151 U. S. 139, 148, 14 Sup. Ct. 295, 38 L. Ed. 103; but the rule that savings may be taken as profits, stated in Cawood Patent, 94 U. S. 695, 24 L. Ed. 238, and availed of by the Circuit Court of Appeals for this Circuit in Doten v. Boston, 138 Fed. 406, 408, et seq., applies.

The bags manufactured by both the complainant and the respondent, so far as shown by the record before the court, are the same, and neither has any peculiarity by virtue of which any enhanced price is received. Therefore it appears that the only profits recoverable are the savings in the cost of construction of the machines made and used by the respondent, or in the cost of the manufacture of the paper bags made by it on those machines, arising from the unlawful use of the improvements covered by claims 1, 2, and 7 of the patent in suit, including, of course, in the cost of manufacture the cost of maintenance and renewals of the machines.    The record makes no disclosure on the point whether or not any saving in the cost of the construction or operation of the machines can be credited to those improvements; but, in view of the fact that there is no suggestion that the product commands a better price than the product of other machines producing paper bags of the same class, and, in view of the further fact that the subject-matter of claims 1, 2, and 7 have been found by the court to be useful in some directions, the presumption is that there must be economy in the construction of the machines, so far as they infringe, or in their use.    Farther than this the present record does not proceed.    Apparently, however, the difficulty

does not lie in these propositions, but in the question with what is the patented device to be compared on the question of profits, in whatever form that question may frame itself before the master.

Where there are anticipatory inventions which are in the nature of improvements, running in parallel lines, covered by patents which are not in suit, whether those patents belong to the complainant or to a stranger, the somewhat difficult questions stated in McCreary v. Pennsylvania Canal Company, 141 U. S. 459, 12 Sup. Ct. 40, 35 L. Ed. 817, may arise; and the same may occur where subsequent improvements are devised, which render the patented device infringed, of less practical value, or, indeed, of no value. In the present case, however, there are no such difficulties. Our opinion passed down October 9, 1905 (142 Fed. 479), states in effect that the inventions in suit relate to what is known in the arts as self-opening square bags, or Deering bags, and that the claims in issue deal only with making the "diamond fold;" so that the product, as we have said, is not peculiar. It then refers to an existing problem with reference to combining successfully a rotary movement in paper bag machines, in lieu of a reciprocating movement, and it shows that the complainant's machine was the first practical machine that solved that problem, although it points out that the field remained open for the same problem to be solved by other methods than those of Liddell, the inventor, if other methods should subsequently be discovered. So far, however, as the record before the court is concerned, the complainant's patent is, and has been, the only operative rotary machine; so that, on the question of profits in the way of savings, if there are any, either in the original cost of the machine or in the cost of producing paper bags by it, so far as either arise from infringement of claims 1, 2, and 7, the standard of comparison is with the most economical of reciprocating machines. Of course, ordinarily, improvements become of less value as the art progresses and other improvements come into use, and, of course, it is possible that, under some peculiar circumstances, the current may run the other way. There is, however, no occasion to suggest anything in regard to this, because there is nothing in the record before the court which called for it.

It is ordered that certified copies of this memorandum, as well as of our opinion passed down on October 9, 1905, be in due course furnished the master.