T. L. SMITH CO. et al. v. CEMENT TILE MACHINERY CO.

(District Court, N. D. Iowa, E. D. July 17, 1919.)

No. 28.

1. PATENTS ⚖═318(6)—INFRINGEMENT—ACCOUNTING—CREDITS ALLOWABLE.
   In action of accounting for profits due to infringement by defendant of complainant's patent, defendant was properly allowed credit, in excess of amount received for machines, the money expended in making infringing machines, as well as cost of certain patterns, jigs, and templets necessarily made in producing infringing machines.

2. PATENTS ⚖═319(1)—INFRINGEMENT—PUNITIVE DAMAGES.
   Infringements not being wantonly or willfully made, but made through a supposed right, compensation to patentee in an accounting suit should be limited to actual damages sustained.

3. PATENTS ⚖═319(1)—INFRINGEMENT—AMOUNT OF RECOVERY.
   Defendant, which in all of the machines manufactured by it for which plaintiffs are entitled to recover in suit for accounting included elements covered by plaintiffs' invention, should be held accountable for the value of the machines as manufactured without deduction for parts not covered by patent infringed.

4. EQUITY ⚖═394—MASTER'S COMPENSATION—WHEN PAYABLE.
   The master is entitled to his compensation and expenses without awaiting the result of any appellate proceedings.

In Equity. Suit by the T. L. Smith Company and others against the Cement Tile Machinery Company. On exceptions by both plaintiffs and defendant to master's accounting and report thereof. Exceptions overruled.

Edwards, Longley, Ransier & Harris, of Waterloo, Iowa, for plaintiffs.

John E. Stryker, of St. Paul, Minn., for defendant.

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

REED, District Judge. This matter was referred to a special master to take an accounting for the plaintiffs' profits or damages because of the infringement by the defendant of the complainant's patent, which he has done, and has filed his report of such accounting, and reports that the plaintiffs are entitled to recover from the defendant damages in the sum of $2,184.08, and recommends that judgment be entered therefor in favor of the plaintiffs against the defendant. To this report both plaintiffs and defendant have filed exceptions.

The summary of the master's report and the basis of the allowance to the defendant are as follows:

Total amount received by defendant from sales of mixing machines infringing plaintiffs' patent during each year which it continued to so infringe plaintiffs' patent:

| Year. | Amount Received. | Costs or Expense Paid by Defendant in Manufacturing Such Machines. |
|---|---|---|
| 1912 | $ 363 58 | $ 625 65 |
| 1913 | 7,485 99 | 8,220 20 |
| 1914 | 13,997 22 | 12,518 52 |
| 1915 | 20,310 29 | 19,124 51 |
| 1916 | 22,124 61 | 22,010 60 |
| 1917 | 4,118 82 | 3,716 95 |
| Total rec'd | $68,400 51 | |
| Total cost | 66,216 43 | |
| | $ 2,184 08 | |

—balance to which plaintiffs are entitled to recover.

It thus appears that during the years 1912 and 1913 the defendant expended $996.28 in making the infringing machines more than he received therefor, and this amount was allowed to the defendant by the master as a credit upon the amount received by it during the six years it was manufacturing and selling the infringing devices of plaintiffs' patent.

[1] First. The plaintiffs except to the allowance of this credit to the defendant upon the ground that it was an ordinary loss in conducting the business which it should stand and not be allowed credit therefor. But it was a loss incurred by the defendant in making the infringing machines, and lessens to that extent the amount of its gains or profits in making the infringing structures, and is a legitimate credit upon the amount received by it for the damages it is required to account to the plaintiffs.

Second. It next appears that the master allowed the defendant a credit of $2,975 as the costs of certain patterns (or repairing the same), jigs, and templets necessarily made by it in producing the infringing machines for which the plaintiffs are allowed to recover in this suit. The plaintiffs except to this allowance of credits upon the ground that the defendant wrongfully infringed the plaintiffs' patent; that expenses incurred by it in so doing are but losses which it must bear; and upon the further ground that the items for which the amounts were so expended are as valuable to it to-day as when made, and that it can use them for any purpose desired. But the patterns, jigs, and

templets were made for the special purpose of producing the infringing machines for which plaintiffs are entitled to recover, and are of no value to the defendant for any other purpose, and are a legitimate item of expenditure for producing the machines for which plaintiffs are entitled to recover in this suit.

[2] There is no evidence or claim that the infringing structures were wantonly or willfully made by the defendant to injure the plaintiffs, or for any other reason than a mistaken one of a supposed right to make them; and in such cases compensation to the patentee for the damages sustained by him, and not punishment of the defendant, should limit the plaintiffs' recovery to the actual damages they have sustained. The exceptions of the plaintiffs to this item are overruled.

[3] Third. The plaintiffs further except to the master's report upon the ground that he has made an improper apportionment of the defendant's profits, in that "all the profits arising out of the sales of mixing machines, including trucks, skids, engines, housings, and loaders, should have been included (in the allowance to the plaintiffs), in which event the profits to be accounted for (to the plaintiffs) would have equaled the sum of $6,512.76 in lieu of $2,184.08, as found by the master as the profits for which the defendant must account."

It is not easy to understand just what is meant by this exception of the plaintiffs, unless it be that the master has not properly apportioned to the plaintiffs the entire damages sustained by them in the infringing structures manufactured by the defendant, but has excluded therefrom certain items which are not covered by the plaintiffs' patent. In other words, that the master has not allowed the plaintiffs the value of certain infringing structures as an entirety, but has excluded therefrom certain items not covered by the plaintiffs' patent. This subject-matter is made a ground of defendant's exception to the master's report, in which it is claimed by the defendant that the master has allowed the plaintiffs for certain items included in the various infringing structures as made by the defendant that are not covered by the plaintiffs' patent, and that plaintiffs have therefore been allowed the value of certain items included in the infringing structures which are not covered by the plaintiffs' patent. As we understand these separate exceptions by the plaintiffs and the defendant, they may be considered together, and are the most difficult questions presented by the exceptions of the respective parties.

As we understand the plaintiffs' contention, it is that the entire commercial value of the infringing machine as manufactured by the defendant is the basis upon which the plaintiffs are entitled to recover regardless of the fact that in the construction of such machine certain items or elements may have been included therein not covered by the plaintiffs' patent. While the defendant's contention is that, the plaintiffs' patent being for an improvement only, it is only the elements used by the defendant in making such machines that are covered by the plaintiffs' patent that the plaintiffs are entitled to recover for. See Mowry v. Whitney, 14 Wall. 639, 652, 20 L. Ed. 860; followed in

Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371. In the latter-named case the Supreme Court says:

"When a patent is for an improvement, and not for an entirely new machine or contrivance, the patentee must show in what particulars his improvement has added to the usefulness of the machine or contrivance. He must separate its results distinctly from those of the other parts, so that the benefits derived from it may be distinctly seen and appreciated."

And it was held that the failure of the patentee in such a case to so distinguish the separate parts of his structure, so that the benefits derived by him from its separate parts might be distinctly seen or appreciated, was fatal to his rights to recover more than nominal damages. Such rule, however, if not distinctly overruled, is clearly modified by the later decisions of that court. Thus in Westinghouse Electric & Manufacturing Co. v. Wagner Manufacturing Co., 225 U. S. 604, 32 Sup. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653, followed in the later case of Dowagiac Manufacturing Co. v. Minnesota Moline Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398, it seems to be held that where the entire commercial value of the infringing machine as made by the defendant is not due to the use of the patentee's invention, there may be an apportionment of the profits received by the defendant; and where such apportionment has not been made the case may be remanded to the trial court that such an apportionment may be made, and the value of the separate parts, distinguishing between the patentable and the nonpatentable parts, may be ascertained. See Brown v. Lanyon Zinc Co., 179 Fed. 309, 102 C. C. A. 497.

In the present case it seems no evidence was offered by either party in respect to the value of the infringing devices made by the defendant as depending upon the parts thereof covered by the plaintiffs' invention and the parts not so covered. It is the claim of the defendant that, deducting from the infringing devices made by it the parts thereof not covered by the plaintiffs' invention, the plaintiffs would be entitled to recover only about $422.38, while it is the contention of the plaintiffs that the value of the separate infringing machines as made by the defendant should increase the plaintiffs' allowance to $6,512.

It is further stated by defendant's counsel in argument that the testimony shows that the devices made by defendant which do not contain any portion of the plaintiffs' invention sold in the market as readily and substantially for the same value as the machines which do include those elements of the plaintiffs' invention. It is also the defendant's contention that it was open to the defendant to use, in the manufacture of the alleged infringing devices, such parts of the Foster structure not covered by the plaintiffs' invention, and that in any event he should be chargeable only with the value of such machines which do not include any part of the plaintiffs' invention, and that the infringing machines manufactured by the defendant not including any part of plaintiffs' invention would reduce the recovery to some $422.

Admitting, without deciding, this contention to be true, the defendant is not in a position to take advantage of it. It had the option of building a machine that did not include any element of the plaintiffs'

invention, but it saw fit not to do so; and in all of the machines man-ufactured by it for which the plaintiffs are entitled to recover in this suit it did include elements covered by the plaintiffs' invention. The defendant should therefore be held accountable for the value of the machines as manufactured by it, and such value, as we understand from the master's report, amounts to $2,184.08.

The exceptions of both parties to the master's report are therefore overruled, and such report is approved, and a decree will be entered for the plaintiffs for the amount found by the master, with interest and costs, including the cost of the master's report.

[4] The master's compensation is fixed at $250, and the travel and hotel expenses incurred by him as shown by his report; and this amount, $250, as compensation, and $49.45 travel and hotel expenses incurred by him, should be paid at once in equal parts by the respec-tive parties, as the master is entitled to his compensation and expenses without awaiting the result of any appellate proceedings.

It is ordered accordingly.