### INGLE v. LANDIS TOOL CO. et al.

(District Court, M. D. Pennsylvania. January 6, 1922.)

No. 267-A.

Patents ⊚⇒324(6)—Issue held decided on petition to lower court after reversal and remand, to reopen and admit supplemental answer.

In action wherein plaintiff alleged that he was owner of patent, and asserted infringement by defendant, and case was tried on question of title, and court found in favor of defendant, and directed plaintiff to assign to it the letters patent procured, and the decree was reversed on appeal, and an accounting directed for infringement, defendant, on remand, was not entitled on motion to an order reopening the case with the consent of the appellate court for the admission of proofs and evidence tending to show the invalidity of the patent, since by requesting an assignment he conceded the validity of the patent, and the decision of the appellate court impliedly further recognized a valid patent, and the validity was involved in the issue tried, and therefore settled by the decision rendered.

In Equity. Bill by Arthur H. Ingle against the Landis Tool Company and another. On petition by defendant, on reversal on appeal, to reopen and admit supplemental answer. Petition denied.

See, also, 262 Fed. 150.

Clyde L. Rogers, of Boston, Mass., and James Gardner Sanderson, of Scranton, Pa., for plaintiff.

E. W. Bradford, of Washington, D. C., and Fred C. Hanyen, of Scranton, Pa., for defendants.

WITMER, District Judge. Plaintiff filed his bill of complaint, alleging that he was the owner of a certain patent on improvements to a boring machine, asserting infringement by defendant. The defendant denied infringement, claimed to be the owner of the patented improvements by purchase, and requested the court to dismiss the bill and direct assignment of the letters patent by plaintiff to defendant.

The case was tried out on the question of title, and the court found in favor of the defendant, and directed plaintiff to assign to it the letters patent procured. On appeal, this court was reversed, and an accounting was directed for infringement. Before decree was entered on the mandate, a petition was presented by the defendant for an order reopening the case, with the consent of the appellate court, for the admission of proofs and evidence tending to show the invalidity of the patent in suit. The defendant, relying upon its title to the property purchased from the bankrupt, the Ingle Machine Company, and more particularly being fully persuaded that such title to the boring machine in question included the improved Carey design, with the right to manufacture and sell the same, did not attack the validity of the patent issued to Carey and assigned to Ingle.

Whether good or bad, it is contended, defendant went on the theory that the patent belonged to it; but they went so far even as to request the court to order the assignment of it to the defendant company. In so doing, it is the opinion of the court that its validity was conceded, and was recognized in this court's decision ordering the plaintiff, Ingle, to assign the same to the defendant company. The appellate court reversed the order and directed proceedings of accounting for infringement. This also implies further recognition of a valid patent. In manner as appears, the validity of the patent was involved in the issue tried out by the court, and therefore settled by the decision rendered.

The motion presented must therefore be denied, and a decree be entered, as directed by the mandate of the Circuit Court of Appeals.