### INGLE v. LANDIS TOOL CO. et al.

District Court, M. D. Pennsylvania. March 10, 1928.

No. 267, June Term, 1918.

Patents ⏀312(2)—Evidence showing what part of machine constituted improvement for which infringed patent was granted held admissible to show profits infringed patent produced.

At hearing before master appointed to ascertain profits made by defendants and damages suffered by plaintiff because of patent infringement, evidence showing what part of machine made and sold by defendants constituted improvement for which infringed patent was granted, and what part of machine constituted other patents which defendants owned or had right to use, for purpose of showing what part of profits derived from manufacture and sale of boring machine infringed patent produced, *held* admissible.

In Equity. Suit by Arthur H. Ingle against the Landis Tool Company and another, to enjoin defendants from infringing on rights of plaintiff under patent and praying for an accounting. A decree was entered for plaintiff, and a master was appointed to ascertain profits and damages, and the master certifies questions. Questions answered, and case returned to master, with direction.

Harold E. Stonebraker, of Rochester, N. Y., for plaintiff.

Ernest W. Bradford, of Washington, D. C., for defendants.

JOHNSON, District Judge. This is a bill in equity to enjoin the defendants from infringing on the rights of the plaintiff under patent No. 1,244,449, covering improvements in boring and general use machines, known as the Carey patent, and praying for an accounting. In their answer the defendants denied title to the patent in the plaintiff and claimed title in themselves.

This infringement suit went to issue on the sole question of title, and Witmer, Judge, held the title to be in the defendants and dismissed the bill. Ingle v. Landis Tool Co. (D. C.) 262 F. 150. On appeal the decision of Judge Witmer was reversed by the Circuit Court of Appeals of this (the Third) Circuit, and the decree of the court below was set aside and the case remanded, with direction to the court to reinstate the plaintiff's bill and to enter a decree of infringement and to proceed with the accounting. Arthur H. Ingle, Plaintiff, v. Landis Tool Company and Gurney Electric Elevator Company, Defendants, 272 F. 464.

Before the decree was entered on the mandate, a petition was presented in the District Court by the defendants for an order to reopen the case for admission of proofs and evidence, for the purpose of showing the invalidity of the patent in suit. This petition was refused. Ingle v. Landis Tool Co., 277 F. 247. This decision of the District Court, refusing said petition, was appealed to the Circuit Court of Appeals, and the decision of the District Court was sustained. Woolley, Circuit Judge, in writing the opinion, said: "Having gone to trial on an issue of its own selection, obtained a decree in its favor in the District Court, and defended that decree on appeal, it cannot now, after reversal, open the case, which has been finally closed, plead a new defense clearly available at the beginning, and for several years after, and try the case again." Landis Tool Co. v. Ingle, 286 F. 5.

A decree was entered on the mandate, directing the reinstatement of the bill and an accounting. Charles W. Clement, Esq., was appointed master to ascertain and report an

account of the profits made by the defendants and the damages suffered by the plaintiff by reason of the infringement. At the hearing before the master, the defendants offered to introduce evidence to show what part of the machine made and sold by the defendants constituted the so-called Carey improvement, for which the Carey patent was granted, and what part of the machine constituted other patents, which the defendants owned or had the right to use, for the purpose of showing what part of the profits derived from the manufacture and sale of the boring machine in question the Carey patent produced, and what part of the profits other patents which the defendant has the right to use produced.

The master rejected this evidence and certified the question of its admissibility to this court. This evidence was admissible and should have been received by the master. In Westinghouse Co. v. Wagner Mfg. Co., 225 U. S. 604, on page 614, 32 S. Ct. 691, 694 (56 L. Ed. 1222, 41 L. R. A. [N. S.] 653), Mr. Justice Lamar, delivering the opinion of the court, said:

"(a) Where the infringer has sold or used a patented article, the plaintiff is entitled to recover all of the profits.

"(b) Where a patent, though using old elements, gives the entire value to the combination, the plaintiff is entitled to recover all the profits. · Hurlbut v. Schillinger, 130 U. S. 456, 472 [9 S. Ct. 584, 32 L. Ed. 1011].

"(c) Where profits are made by the use of an article patented as an entirety, the infringer is liable for all the profits 'unless he can show—and the burden is on him to show—that a portion of them is the result of some other thing used by him.' Elizabeth v. Pavement Co., 97 U. S. 126 [24 L. Ed. 1000].

"(d) But there are many cases in which the plaintiff's patent is only a part of the machine and creates only a part of the profits. His invention may have been used in combination with valuable improvements made, or other patents appropriated by the infringer, and each may have jointly, but unequally, contributed to the profits. In such case, if plaintiff's patent only created a part of the profits, he is only entitled to recover that part of the net gains. He must, therefore, 'give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative; or he must show, by equally reliable and satisfactory evidence, that the profits and damages

are to be calculated on the whole machine, for the reason that the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature.' Garretson v. Clark, 111 U. S. 120 [4 S. Ct. 291, 28 L. Ed. 371]."

In Seeger Refrigerator Co. v. American Car & Foundry Co. (C. C. A.) 219 F. 565, it was held:

"Where an infringing invention is used in combination with noninfringing features, and each jointly, but unequally, contributes to the profits, as the infringed patent creates only a part of the profits, the patentee is entitled to recover only that part of the net gains, and must give evidence reliable and tangible, and not conjectural or speculative, tending to support or apportion the profits between the infringing and noninfringing features, or show by equally reliable and satisfactory evidence that the entire value of the whole machine as a marketable article is properly and legally attributable to the patented feature.

"The burden on a patentee of apportioning the commingled profits on an infringing article between the infringing and noninfringing elements is sustained by proof demonstrating that defendant has so inextricably commingled and confused the parts composing the article that the profits cannot be accurately or approximately apportioned."

In Computing Scale Co. v. Toledo Computing Scale Co. (C. C. A.) 279 F. 648, it was held:

"It is a cardinal rule of patent law that, where a patent produces but a part of the profits, the plaintiff may recover only such part of the profits as the patent produces, and the defendant may have credit for the remainder."

The case of Flat Slab Patents Co. v. Turner (C. C. A.) 285 F. 257, relied on strongly by the plaintiff, is not in conflict with the decisions cited above but is in harmony with them. On page 277, Stone, Circuit Judge, said:

"Before discussing these separate points it is helpful to fix certain general principles and facts which will be applied. The business of Turner was made up of such as used the infringing construction and such as did not. Both the master and the court, in making apportionment between these two characters of business, set off against each, such expenses and profits as could, with reasonable certainty, be determined to belong to infringing business solely or to noninfringing business solely. Such as were so inter-

mingled as to be insusceptible of definite separation were apportioned on a percentage basis. The basis of the percentage was the comparative ratios of the gross infringing and of the gross noninfringing business to the entire gross business. The above methods were correct and are approved. The evidence establishes that this percentage ratio was that the infringing business was 50.83 per cent. of the entire business. That percentage will be accepted and used wherever such character of apportionment is necessary."

And now, March 10, 1928, this case is returned to the master, with direction to receive the evidence offered by the defendants in accordance with this opinion, and to make and report an accounting, according to the order of his appointment.