## FREEMAN v. PREMIER MACH. CO., Inc.
### No. 3909.

District Court, D. Massachusetts.
Feb. 28, 1938.

On Rehearing May 24, 1938.

Chas. E. Riordon, of Washington, D. C., and Nathan Heard and Frederick A. Tennant, both of Boston, Mass., for plaintiff.

Macleod, Calver, Copeland & Dike, George P. Dike, and Cedric W. Porter, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this infringement suit plaintiff charged the defendant with infringing 26 claims of his patent (U.S. No. 1,681,033). These claims readily fall into three groups,—

1. Those involving an "anvil die", so called, used in cutting out ornamental designs in shoe uppers;

2. Those relating to mask or clamp attached to the anvil die; and

3. Those relating to a slide for moving the die in and out of the press.

The Circuit Court of Appeals, Premier Machine Co., Inc. v. Freeman, 1 Cir., 84 F.2d 425, held all claims invalid except three of the second group relating to the mask or clamp. These three claims now appear as Claims 6, 8 and 9 of Re-issue No. 20,202. A decree was entered March 30, 1937, enjoining the defendant from infringing these three claims.

Plaintiff now brings a petition for contempt, alleging that the defendant is manufacturing and selling a mask which infringes, and asks a penalty measured by plaintiff's expenses, estimated over $1,000.

The claims which survived were given, by the Circuit Court of Appeals, an extremely narrow construction, as will appear from the following excerpt from the opinion (page 430):

"Nothing in the prior art shows Freeman's conception of a clamp plate having a window of a shape and size corresponding to the pattern of the decorations which were to be perforated. His improvement obviated the necessity of placing special gauge marks on the uppers; and we do not doubt that his window, enclosing the pattern and corresponding with it in size and shape, made accurate positioning of the work easier and quicker.

\* \* \* \* \* \*

"In some of these claims the expression 'partially surround that portion of the upper material to be ornamented,' appears as a further description of the window. It will be necessary to consider separately the claims in this group. Those covering a clamp plate or mask having a fixed relation to the die and having a window the outline of which is similar to the pattern to be perforated, and which is so placed with relation to the pattern and to the die as to be used as a gauge, are, we think, valid. The mere use of a window in the clamp or of a straight curved edge in or connected with the clamp for gauging purposes did not involve invention in view of the prior art."

■ Thus, it is clear that the defendant is free to manufacture and sell dies with masks or clamps attached which have openings for the cutting of the ornamental designs, an edge, or edges, which opening may be utilized as a gauge or guide for the work, provided the opening or window does not conform in shape to the outline of the pattern of the ornamental design. The mask described in the petition as Exhibit "A" and the only one involved could be found to be an infringement, and I so find. Although defendant in good faith believed that it was not covered by the injunction, it does not now seriously resist this finding. It does, however, strenuously object to being penalized to the extent of paying for the legal services rendered in these proceedings.

■ I agree that such a penalty is not justified. The defendant did not willfully disobey the injunction. It acted on advice of counsel, who construed the claims so as to admit of the manufacture of the infringing mask. While, in my opinion, this construction was even narrower than that imposed by the Court, there was room for an honest difference of opinion. It does not appear that the plaintiff has suffered any substantial damage. The defendant had sold only a few of the masks prior to the filing of the petition. Since that time it has manufactured none and, from the first, has been ready and willing to assent to a decree forbidding the manufacture and to an accounting for the few that have been sold.

The defendant has already been put to heavy expense in successfully defending its right to manufacture anvil dies, with or without masks, against an attack based upon invalid patent claims. It is not now in such a position financially that it can easily meet the plaintiff's demand. It would appear from the authorities that, in a proceeding for civil contempt such as this is, the Court cannot completely ignore the fact that the plaintiff has been obliged to incur expense in forcing compliance with the decree of this Court. Krentler-Arnold Hinge Last Co. v. Leman, 1 Cir., 50 F.2d 699, at page 706. But the amount of the award is to be determined with reference (1) to the damages sustained by plaintiff by reason of the infringing act; and (2) to the reasonable expense of doing what was necessary to stop the infringement. Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853; Kreplik v. Couch Patents Co., 1 Cir., 190 F. 565.

■ In the case at bar it was only necessary for the plaintiff to file his bill of complaint. The defendant's offer to stop the manufacture of the offending device was not accompanied by any unreasonable condition and should have been accepted. I find that a fee of $100 would be adequate to pay for the filing of the petition and that, therefore, plaintiff is entitled to a decree requiring the payment to the plaintiff of that sum.

In reaching these conclusions, I have not taken into consideration the later pleadings of the defendant whereby it consents to a decree upon certain conditions. The defendant has intimated that if any sum is awarded by way of compensation, it desires a further hearing. I can see nothing to be gained by such a hearing and very likely, in view of the amount involved, defendant would not feel inclined to press this request. If it did, and a hearing were

granted, I would feel justified in increasing the amount sufficient to cover the expenses for the further hearing.

The parties have also submitted on brief a controversy which has arisen over the accounting ordered in the decree of March 30, 1937. It appears from this decree that the parties submitted a stipulation with reference to the accounting in lieu of a reference to a master; the amount due the plaintiff from the defendant to be later determined by the Court. The stipulation filed, and referred to in the decree, provided that the right of recovery of the plaintiff should be limited to the recovery of a reasonable royalty for the items listed in the account annexed to the stipulation, and that the Court might take, as a reasonable royalty, the established royalty of the plaintiff as set forth in certain license agreements of which the one between the plaintiff and the Globe Machine Company was taken as typical. Paragraph 4 of this agreement was as follows: "4. The Licensee agrees that on each die, mask or anvil or other part made under this license and produced and sold by it, it will pay a royalty of 15% of the selling price to the Licensor, providing that said royalty amounts to not less than $2.00 on any one item sold hereunder as a unit structure be it a die, an anvil or a mask or combination of the same sold as an item, without individual price listing of the respective parts, in which case the Licensee agrees to pay a royalty of $2.00 on each die, mask or anvil sold as a unit."

The stipulation further stated:

"It is not agreed between the parties as to whether the item on which reasonable royalty is payable shall be on masks alone, or on dies plus masks.

"In explanation of the attached account, it is stipulated that where masks are sold separately, the single item is the sale price of the mask, and where a die with mask upon it is sold, the superimposed strip shows the price charged for the whole item, in which price $2.50 was figured by the defendant to cover the addition of the mask but not separately charged to the customer."

If the rights of the parties were to be determined upon this stipulation, I would have no hesitation in saying that the defendant had not agreed to pay a royalty of 15% of the selling price of a device combining both the die and the mask; in fact, the terms of that stipulation would indicate that where the mask and die were sold together, as one device, $2.50 was to be taken as the selling price of the mask.

It is obvious that the royalties provided in the typical license agreement were to be paid for the privilege of manufacturing an anvil die with mask with a minimum royalty of $2 on each item, whether consisting of the mask alone or a combination of die and mask, the licensor then claiming under a patent upon not only the mask but the anvil die as well. The stipulation clearly shows that the parties then left open the question whether the royalties should be computed upon the value of the combination or the value of the mask.

I am satisfied that the value of the combination was not wholly attributable to the patented feature. The rule of apportionment which obtains in cases where plaintiff is entitled to profits is that the profits from an infringing sale, so far as attributable to the patented improvement, belong to the plaintiff and so far as they are due to other features they belong to the defendant. Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398; Garretson v. Clark, 111 U.S. 120, 4 S.Ct. 291, 28 L.Ed. 371; Westinghouse Elec. & Mfg. Co. v. Wagner Elec. & Mfg. Co., 225 U.S. 604, 32 S.Ct. 691, 56 L.Ed. 1222, 41 L.R.A., N.S., 653.

The parties, however, have seen fit to stipulate that the damages shall be measured not by the profits derived from defendant's sales, but by a reasonable royalty. It can be assumed that the parties are free to stipulate respecting this reasonable royalty, whether or not it may be in excess of what the plaintiff would otherwise be entitled to receive.

It is not necessary to decide whether under the terms of the first stipulation the reasonable royalty was to be paid upon the selling price of masks alone or the selling price of the combination of mask and die. The parties, on May 19, 1937, entered into a second stipulation, by the provisions of which they seemed to have settled the question beyond peradventure. This stipulation provides as follows: "It is hereby stipulated by and between counsel for the respective parties, in addition to the Stipulation In Lieu of Accounting heretofore entered into between the parties, and in further explanation of paragraph 4 of the License Agreement with

the Globe Machine Company set forth in said Stipulation, that the Plaintiff collects as a royalty under such License Agreements, of which the license granted to the Globe Machine Company is typical, 15% of the total selling price of the parts of each assembly sold, including the die with mask thereon, the die with mask and anvil, or the die with anvil, or a mask alone sold by itself for attachment to a die, as the case may be, except in the instances where such 15% royalty would not amount to $2.00, and in that case Plaintiff collects a minimum royalty of $2.00 on each such, sale. In the instances where a mask alone is sold for a die already accounted for, the Plaintiff collects 15% of the total selling price of the mask alone, and not the $2.00 minimum royalty on the mask alone."

■ There is no ambiguity in the language of this supplemental stipulation. It is expressly agreed that the plaintiff is entitled to receive 15% "of the *total* selling price of the parts of each assembly sold" (italics mine) whether die with mask and anvil, or die alone, with a minimum of $2 on each sale. The only meaning that can be ascribed to these words is that it is the price of the aggregation that controls rather than the price of any single part. This intention is further shown by the last provision of the stipulation, to the effect that if a mask is sold for a die already accounted for, the plaintiff is entitled to only 15% of the price of the mask, rather than the minimum of $2.

I agree with the contention of the plaintiff that under the stipulations which have been filed in the case, the plaintiff is entitled to an accounting which would give him the 15% royalty on the sale price of the completed die together with mask, with a minimum royalty of $2 on each sale.

A decree may be entered enjoining the defendant from manufacturing and selling the mask referred to in the petition for contempt as Exhibit "A" and providing that the defendant shall account to the plaintiff for the sale of any of such masks and shall pay to plaintiff a penalty of $100.

### On Petition for Rehearing.

Defendant has filed what it terms a "Petition for Rehearing" upon that portion of an opinion of this Court, rendered February 28, 1938, so far as it relates to the stipulation entered into between the parties in lieu of accounting.

After considering the briefs of counsel, I am of the opinion that the conclusion reached in my opinion of February 28, 1938, should stand and should apply to an accounting for infringement other than the so-called "contempt infringement". As to this, the parties have not stipulated, and unless they can agree the accounting would be held independent of any stipulation.

Decree should be prepared and submitted in accordance with my opinion of February 28, 1938 and this memorandum.