## BARILI v. BIANCHI et al.
### No. 26534.

District Court, N. D. California, S. D.
July 9, 1947.

See also, D.C., 6 F.R.D. 350.

Alan Franklin, of Los Angeles, Cal., for plaintiff.

J. E. Trabucco, of San Francisco, Cal., for defendants.

HARRIS, District Judge.

Plaintiff, inventor of a ravioli machine, sues the defendants for infringement of his patent, No. 1,844,142, granted on February 9, 1932. Plaintiff initially contended that several claims were violated by defendant Bianchi in the construction of the machine used in the production of ravioli by defendant, Marlo Packing Corporation.

As early as 1927, plaintiff applied to the patent office for the issuance of a patent on his automatic ravioli making machine. During the course of five years, the patent office examined plaintiff's claims in the light of the prior art. Particular attention was paid to a confection molding machine devised by one Holmes. In view of the Holmes invention and other machines developed, plaintiff's early claims were rejected. Not until plaintiff had narrowed his description to a point where it clearly set forth machinery that was novel in the manufacturing process did the patent office finally give approval to his claims, which ultimately numbered five. Claim 4 was amended in accordance with language suggested by the patent office in order to accurately represent the device.

During the trial, plaintiff and defendants narrowed the issue to claim 4, which describes the mechanism for the compression of the ravioli after the two sheets of dough have acquired the stuffing from a hopper. By means of a pair of rollers, one of which contains a series of molds and a set of axial blade cutters extending between the molds, and the other containing annular blade cutters running opposite wide marginal surfaces between the molds, the ravioli are shaped, the borders are compressed and the edges are cut into the final ravioli shape.

Defendants' machine follows the description set forth in claim 4 of plaintiff's patent with one exception, which is an equivalent of plaintiff's device, namely: Defendant has transposed the annular blade cutters from the roller which contains the molds to the opposite roller which thus contains both annular and axial blades.

Such transposition does not change the mechanical function, or operation of the machine, and is not the basis for a valid distinction between defendants' ravioli machine and that described in claim 4. Walker on Patents, Deller's Ed., Vol. 3, Sec. 463, pp. 1699, 1670.

Defendant places emphasis on the fact that the word "contact" is used by plaintiff in a description of his machine to indicate the method under which the rollers operate, and asserts that the word *contact* means *"touch."* Defendants' machine does not have such actual meeting of the parts on the opposite and revolving rollers. Rather, the dough itself touches when it is compressed and cut at the edges. The same operation occurs in plaintiff's machine as shown by the patent diagram.

Despite defendants' contention that the word contact means "touch," the Court is not persuaded to accept such a definition, nor to find a distinction in the two machines based on a refined dictionary definition which has no place in the terminology of scientific text books. In Stuart Oxygen Company, Ltd., v. Josephian, 9 Cir., 162 F. 2d 857, the court in disposing of a similar contention based upon a refinement of definition said in speaking of the device in question: "The units are substantially identical in construction, and perform their function in substantially the same way."

In the case at bar, as plaintiff has demonstrated, the word *"contact"* has sufficient

flexibility to describe the specific operation in dispute of both plaintiff's and defendants' machines. It is not a limiting factor on plaintiff's invention; rather it is an artificial distinction between the two ravioli machines.

The court has considered the evidence with respect to the several devices relied upon as anticipating plaintiff's machine. In the essentials the devices are dissimilar from that described in claim 4 which the court has found valid.

The evidence is clear and convincing that the so-called Bianchi machine, used by defendant Marlo Packing Corporation, violates said claim; accordingly the defendants are enjoined from further infringing plaintiff's patent.

With respect to damages: Plaintiff has failed to produce evidence of any alleged damage. The court in the light of the instant record is not prepared to allow damages or loss of profit. Garretson v. Clark, 111 U.S. 120, 4 S.Ct. 291, 28 L.Ed. 371.

Findings of fact and conclusions of law may be prepared and decree entered in accordance with the foregoing.