Stoll, Circuit Judge,
with whom Newman, Moore, O’Malley, Reyna, and Wallach, Circuit Judges, join, concurring in the denial of rehearing en banc.
Because the panel’s decision is consistent with longstanding patent law damages principles,[1] I concur in the denial of rehearing en banc.
We have consistently held that where an infringing product is a multi-component product with patented and unpatented components, apportionment is required. See VirnetX, Inc. v. Cisco Sys., Inc., 767 F.3d 1308, 1326 (Fed. Cir. 2014) (“No matter what the form of the royalty, a paten-tee must take care to seek only those damages attributable to the infringing features.”); Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc., 809 F.3d 1295, 1301 (Fed. Cir. 2015) (“[Djamages awarded for patent infringement ‘must reflect the value attributable to the infringing features of the product, and no more.’ ”) (quoting Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201, 1226 (Fed. Cir. 2014)); Ericsson, 773 F.3d at 1226 (“[A]pportionment is required even for non-royalty forms of damages.”). The apportionment requirement dates back to Garretson v. Clark, 111 U.S. 120, 4 S.Ct. 291, 28 L.Ed. 371 (1884), where the Supreme Court held that “[t]he patentee ... must in every case give evidence tending to separate or apportion the defendant’s profits and the patentee’s damages between the patented feature and the unpatented features.” Garretson, 111 U.S. at 121, 4 S.Ct. 291.
*1300 Garretson, however, also holds that damages for patent infringement may be based on the value of the entire infringing product if the patentee can show that “the entire value of the whole machine ... is properly and legally attributable to the patented feature.” Id. In other words, “[ijf it can be shown that the patented feature drives the demand for an entire multi-component product, a patentee may be awarded damages as a percentage of revenues or profits attributable to the entire product.” LaserDynamics, Inc. v. Quanta Comput., Inc., 694 F.3d 51, 67 (Fed. Cir. 2012).
In this case, on the question of lost profits, the jury was instructed to consider the Panduit factors, including “demand for the patented product” (factor one) and an “absence of acceptable noninfringing substitutes” (factor two). See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1156 (6th Cir. 1978). As the panel recognized, these two factors together “consider[ ] demand for the patented product as a whole” and “consider!/] demand for particular limitations or features of the claimed invention.” Mentor Graphics Corp. v. EVE-USA, Inc., 851 F.3d 1275, 1285 (Fed. Cir. 2017) (citing DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1330-31 (Fed. Cir. 2009)). As the panel noted, the jury found that “Intel would not have purchased -the [infringing] Synopsys emulator system without the two patented features and that there were no other alternatives available.” Id. at 1287. This undisputed fact finding established that Mentor proved that the patented features were what imbued the combined features that made up the emulator with marketable value. Under these circumstances, further apportionment is unnecessary. See Ericsson, 773 F.3d at 1227 (“[W]here the entire value of a machine as a marketable article is ‘properly and legally attributable to the patented feature,’ the damages owed to the patentee may be calculated by reference to [the entire value of the machine.]”) (quoting LaserDynamics, 694 F.3d at 67); VirnetX, 767 F.3d at 1326. Whether one views this in terms of what imbues value to the ultimate combination of features or what is a driver of. demand for those com-. bined features, the result is the same: the apportionment required by Garretson is satisfied.
In my view, the dissent mischaracterizes the panel’s holding in this case, suggesting the panel held that in all cases where lost profits are awarded, apportionment is not required. Dissent Op. 1. To the contrary, the panel made clear that apportionment is typically necessary in both reasonable royalty and lost profits analyses. See Mentor Graphics, 851 F.3d at 1287-88. Under the narrow facts of this case, however, the panel determined that because the Pan-duit factors are satisfied, the damages award properly accounted for apportionment. I do not read the panel’s decision to apply broadly to all lost profits analyses.
Accordingly, based on the jury’s undisputed fact findings on the Panduit factors in this case, I agree with the panel that Mentor properly accounted for apportionment of lost profits between the patented and unpatented features of the infringing emulator system. For this reason, I concur in the denial of rehearing en banc.

. I also believe the panel decision to be consistent with long-standing damages principles in property, tort and contract. I do not agree with the dissent that there should be a special rule for damages in patent cases which is at odds with mainstream damages principles.