## INGLE v. LANDIS TOOL CO. et al.

(Circuit Court of Appeals, Third Circuit.   March 8, 1921.   Rehearing Denied May 20, 1921.)

### No. 2559.

Master and servant ⬅62—Patents ⬅210—Employer not vested with entire property right of employee's invention or with anything more than shop right.

The fact that a patentee, at the time he made the invention, was employed by a manufacturing company as a draftsman, but under no contract to use his inventive faculties for the benefit of the employer, held not to vest the employer with the entire property right of the invention and the patent monopoly thereof, or with anything more than a shop right to use the invention.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit in equity by Arthur H. Ingle against the Landis Tool Company and others.   Decree for defendants, and complainant appeals.   Reversed.

For opinion below, see 262 Fed. 150.

Frederick P. Fish, of Boston, Mass., Charles H. Howson, of New York City, and Clyde L. Rogers, of Boston, Mass., for appellant.

Ernest W. Bradford, of Washington, D. C., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.   This case concerns the relative rights in a patent of an employer and an employee, where the latter makes an invention during his term of employment.   This vexed question was the subject of litigation in this circuit, and its principles were discussed and determined by this court in Pressed Steel Car Co. v. Hansen, 137 Fed. 403, 71 C. C. A. 207, 2 L. R. A. (N. S.) 1172, where, in affirming the decision of the lower court, reported at 128 Fed. 444, this court held that, in the absence of an express contract or agreement to invent, the relation of employer and employee did not vest the employer with the entire property right of an invention of the employee, and to the patent monopoly thereof, or to anything more than a shop right to use such invention.   This decision was predicated on the earlier holdings of the Supreme Court of the United States, reported in Dalzell v. Dueber Mfg. Co., 149 U. S. 315, 13 Sup. Ct. 886, 37 L. Ed. 749, where, in a much stronger case then the present case, that court said:

"But a manufacturing corporation, which has employed a skilled workman, for a stated compensation, to take charge of its works, and to devote his time and services to devising and making improvements in articles there manufactured, is not entitled to a conveyance of patents obtained for inventions made by him while so employed, in the absence of express agreement to that effect.   Hapgood v. Hewitt, 119 U. S. 226."

The facts of the present case bring it within these rulings.   Carey, the inventor, was a draughtsman employed by the Ingle Machine Company at a salary of $35 a week.   His work consisted in making draw-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ings for machines built by that company. He was not employed to design any particular machine, or to use his inventive faculties in any way. He was under no contract to assign to his employer any inventions he might make. During his term of employment he did, in fact, make the invention subsequently embodied in the patent in suit. In the interim, before he applied for a patent, the Ingle Machine Company, his employer, used his invention in building some machines. It went into bankruptcy, and its assets were sold by the trustee to the Landis Tool Company, one of the defendants. By such sale, all drawings made by Carey passed, which included drawings showing his invention; but in the sale there was no specific reference to any alleged or implied title of the Ingle Machine Company to Carey's invention. Subsequent to such sale, Carey assigned his right to the patented invention to Arthur H. Ingle, who thereafter prosecuted the patent in suit. It was on October 23, 1917, issued as patent No. 1,244,449 to William R. Carey, assignor to Arthur H. Ingle, for a boring and general use machine. The Landis Tool Company having entered into a manufacturing agreement with the Gurney Electric Elevator Company, whereby the latter company contracted to build machines embodying the alleged invention for the Landis Tool Company, suit was brought by Ingle upon the Carey patent, charging said companies with infringement. To this bill the defendants answered, and claimed absolute title to the patent, and prayed the Landis Tool Company be adjudged to be the owner of the patent and that Ingle be ordered to assign it to that company. After hearing, the court below dismissed Ingle's bill, and ordered and decreed that he execute an assignment of the patent to the Landis Tool Company. Thereupon Ingle took this appeal.

Without entering into detail, we may say that as between Carey and the Ingle Machine Company, the invention never became the property of the Machine Company, and, having no title thereto when it went into bankruptcy, it follows that no title to the invention passed by the sale. There was no contract on Carey's part to invent, and consequently the case, as we have said, falls within the principle of Pressed Steel Car Company v. Hansen, supra. That case has been followed in the great field of industrial and inventive activity in this circuit, it has made a workable and equitable patent relation between employer and employee, and we see no reason to depart from the principle therein laid down.

Adhering, as this court does, to the principles stated by this court in that case, we are of opinion the court below erred in dismissing the plaintiff's bill and in ordering the patent owner to make an assignment of this patent. As there is no question of infringement, and the Landis Tool Company made, and now makes, no claim by reason of any shop right in the Ingle Machine Company, or that such shop right passed from that company, under the sale in bankruptcy, it follows that a decree of infringement should have been entered, with an accounting.

The decree of the court below is therefore set aside and the case remanded, with directions to the court to reinstate the plaintiff's bill, to enter a decree of infringement, and proceed with the accounting.