In the Matter of Petition of Mohamed ABRA-
HAM for Writ of Habeas Corpus.

No. 5887.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1931.

Catherine G. Herlehy, of Detroit, Mich., for appellant.

Gregory H. Frederick, U. S. Atty., of Detroit, Mich., for appellee.

PER CURIAM.

Docketed and dismissed by court order, pursuant to motion of counsel for appellee.

Mahamet ALI or Mohamed Ali v. John L. ZUR-
BRICK, District Director of Immigration.

No. 5899.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1931.

Catherine G. Herlehy, of Detroit, Mich., for appellant.

Gregory H. Frederick, U. S. Atty., of Detroit, Mich., for appellee.

PER CURIAM.

Dismissed by court order for failure to make deposit for printing under the rule.

AMDYCO CORPORATION, Appellant, v. Rad-
cliffe Morris URQUHART et al., Ap-
pellees.*

No. 4470.

Circuit Court of Appeals, Third Circuit.

Aug. 24, 1931.

*Rehearing denied November 2, 1931.

Pennie, Davis, Marvin & Edmonds, of New York City, Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., and Apple-ton, Rice & Perrin, of New York City (W. Brown Morton, of New York City, and Boyd Lee Spahr, of Philadelphia, Pa., of counsel), for appellant.

J. G. Denny, Jr., of Philadelphia, Pa., for American Fomon Co.

J. C. Bedford, of Philadelphia, Pa., for R. M. Urquhart.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case concerns the delicate question of the relative rights of employer and employee where the latter has made an invention during his employment. Cases of that character have from time to time been before this court, and the principles involved have been stated in several cases, among which we now refer to Pressed Steel Car Co. v. Hansen, 137 F. 403, 2 L. R. A. (N. S.) 1172, and Ingle v. Landis Tool Co., 272 F. 464. In the latter case, after referring to the Hansen Case, we said: "In the absence of an express contract or agreement to invent, the relation of employer and employee did not vest the employer with the entire property right of an invention of the employee, and to the patent monopoly thereof, or to anything more than a shop right to use such invention."

The court below [39 F.(2d) 943] correctly applied these principles to the facts before it, and discussed the proofs in such detail and with so much thoroughness as to leave nothing to be added on our part. After a study of the proofs on our part, we also are satisfied that, in addition to the absence of any contract to invent, there were no facts or circumstances from which such a contract could be inferred. In view of the fact that the principles involved are clear and that the facts have been thoroughly discussed by the court, we refrain from again restating them, and limit ourselves to affirming the decree of the court below.